IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DONALD DENERAL WALKER, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:21-CV-723-O |
| § | |
| BOBBY LUMPKIN, Director, TDCJ-CID, § | |
|     Respondent. § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner, Donald Deneral Walker, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as frivolous.

**I. BACKGROUND**

Petitioner is serving a 30-year sentence for his 2009 conviction for aggravated assault with a deadly weapon in Tarrant County, Texas, Case No. 1147908R. In this petition, Petitioner raises the following grounds (with supporting facts) for habeas relief (any spelling, punctuation, and/or grammatical errors are in the original):

(1) Jurisdiction: The courts only ever had authority and jurisdiction over the Government and State created offices of person, corporations and the fictitious legal construct created in my image at my birth. It does not have jurisdiction of the flesh and blood man, ME!

(2) Mistake: The Petitioner admits to the unintentional act, of momentarily cedeing his inherent rights as an sovereign native, in his time of error and ignorance. But once again declares and reclaim his honor and standing as sovereign, child of God, son of Irma and inheritor of the land.

(3) Writ of Execution – Executed: The Petitioner issues this to put in force the

>       judgement or decree of the sentencing court; which in fact ordered the Petitioner's sentence EXECUTED, completed; carried into full effect; already done, already performed; the opposite of executory. An executed contract.
>
> (4)   Subject Matter Jurisdiction: Subject matter jurisdiction is generally established by statute, statute's govern only government and state created entities. The Petitioner is neither of those, so therefore the court had no jurisdiction over the Petitioner.

Pet. 6–7, ECF No. 1 (emphasis in original). He seeks the following relief, verbatim:

> Release. Liberation, discharge, or setting free from restraint or confinement. Thus, a man unlawfully imprisoned may obtain his release on habeas corpus. But most important is to have my honor restored by doing what I failed to do before, and that is to adjust this account in a manner that will have ALL parties involved satisfied. Please pay this obligation in full. Payable thru Petitioner, D.D.W.

*Id.* at 7 (emphasis in original).

Respondent asserts that the petition should be dismissed with prejudice as time barred or, in the alternative, because Petitioner's claims are unexhausted and procedurally barred. Resp't's Answer 5–12, ECF No. 9.

## II. DISCUSSION

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although vague, Petitioner's claims, as interpreted by the Court, do not entitle him to relief. His reliance on the Uniform Commercial Code (UCC), trust laws, or a so-called "sovereign citizen" theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court. *See, e.g., United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011), *cert. denied,* 565 U.S. 1226 (2012) (stating "[r]egardless of an individual's claimed status of descent, be

it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir. 1992), *cert. denied,* 508 U.S. 952 (1993) (describing the "sovereign citizen" defense to jurisdiction as "patently frivolous"); *United States v. Schneider,* 910 F.2d 1569, 1570 (7th Cir. 1990) (describing "sovereign citizen" defense to prosecution as having "no conceivable validity in American law"); *United States v. White,* 480 F. App'x 193, 194, 2021 WL 1560447, at *1 (4th Cir. 2012) (providing "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . ."); *Martin v. McConnell,* No. 1:20-CV-079-P, 2020 WL 1970559, at *2 (W.D.La. Apr. 1, 2020) (stating "habeas claims relying on the UCC and trust laws have been repeatedly rejected" and citing cases); *Dunham v. Davis,* 3:18-CV-0179, 2018 WL 3213241, at *1 (S.D. Tex. June 29, 2018) (rejecting "flesh-and-blood man" and "sovereign citizen" claims as a basis for habeas relief); *Berman v. Stephens,* 4:14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (denying habeas petition relying on UCC and "secured party sovereign" theory as frivolous); *Figueroa-Hernandez v. Figueroa Hernandez,* No. 7:08-CV-00498, 2008 WL 4533940, at *3 (W.D.Va. Oct. 7, 2008) (finding "no grounds upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement").

### III. CONCLUSION

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as frivolous. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 25th day of August, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**